LOUIS F. BRICKETT, PROSECUTOR, v. FRANK LAGAY, THEODORE K. FERRY, EDWARD P. R. McNAMARA, JOSEPH GIULIANO, ROBERT J. NEILLY, PASSAIC VALLEY SEWERAGE COMMISSIONERS, DEFENDANTS.

Argued January 17, 1945—Decided July 24, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutor, *Foley & Francis*.

For the defendants, *Louis Auerbacher, Jr.*

For the American Legion, *amicus curiæ, Thomas E. Duffy.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* was allowed to review a resolution of the defendants Passaic Valley Sewerage Commissioners, dated May 2d, 1944, removing the prosecutor from his position as river inspector for the defendants. Prosecutor is an honorably discharged veteran of the first World War and claims to have tenure under the statute.

*R. S.* 38:16–1 provides:

"No person now holding any employment, position or office under the government of this state, or the government of any county or municipality, including any person employed by a school board or board of education, or who may hereafter be appointed to any such employment, office or position, whose term of employment, office or position is not now fixed by law. and receiving a salary from such state, county or municipality, including any person employed by a school board or board of education, who has served as a soldier, sailor, marine or nurse, in any war of the United States  *  *  *,  and has been honorably discharged from the service of the United States,  *  *  *  shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons."

Prosecutor was not afforded a hearing nor was cause shown for his dismissal. The contention of the defendants is that one holding a position with the Passaic Valley Sewerage Commission does not hold a position "under the government of this state, or the government of any county or municipality" and does not receive a salary "from such state, county of municipality." That is the determining question in this case. A simi-

lar question, although it arose under a different tenure statute, was raised in *Greenfield* v. *Passaic Valley Sewerage Commissioners,* 126 *N. J. L.* 171, and was expressly reserved by this court, page 173. The defendants contend that the controlling statute is *R. S.* 58:14–6 which provides that the commissioners "may, from time to time, appoint such other officers, attorneys, agents, engineers, employees and assistants as they may deem necessary to carry out the purposes of this chapter, and may prescribe their duties, fix their compensation and remove them at pleasure."

It has been held by the Court of Errors and Appeals that the Passaic Valley Sewerage Commissioners are not constituted a municipal body, *Van Cleve et al.* v. *Passaic Valley Sewerage Commissioners,* 71 *N. J. L.* 574, and it is clear that they are not a county, school board or board of education, so it follows that the prosecutor can succeed in his claim to tenure only if it be found that he holds his position under the government of the state and receives his salary from the state.

The Passaic Valley Sewerage District was created by an act which is now chapter 14 of title 58 of the Revised Statutes of 1937. The statute provides that the members of the board of commissioners shall be appointed by the Governor by and with the advice and consent of the  Senate, and that they may be removed for cause by the Governor. They are given the right to acquire and condemn property, and to enter into contracts with municipalities located in the district and with individuals for the interception of sewage and the use of its facilities. They are given the right to borrow moneys for which their several contracts shall be security. The statute provides that the accounts of the commissioners shall be audited annually by the comptroller of the state treasury.

The status of the Passaic Valley Sewerage Commissioners has been commented upon in several cases. In *Passaic Valley Sewerage Commissioners* v. *Jersey City,* 92 *N. J. L.* 264; *reversed,* 93 *Id.* 427, the Supreme Court held that property of the commissioners was subject to local taxation. This holding was reversed by the Court of Errors and Appeals, which said:

"We think this is a too narrow view of the meaning of the act. Sight is lost of the fact that the appellant is a body politic. Its officers are appointed by the governor, receive a fixed salary paid out of the public treasury, and half of the costs and expenses incurred by the board in investigating and performing the duties imposed upon it by the act is paid out of the state treasury, and as to the other half the costs and expenses the board is authorized to issue certificates, levy taxes, &c. It is, therefore, manifest that the board of commissioners is an arm of the state, to be wielded for the achivement of certain public purposes in which the state has an interest."

The United States Supreme Court in *New York* v. *New Jersey et al.,* 65 *L. Ed.* 937; 256 *U. S.* 296, said that the commissioners "constitute such a statutory, corporate agency of the State that their action, actual or intended, must be treated as that of the State itself, and we shall so regard it."

The subject-matter with which the legislature was dealing in *R. S.* 58:14–1, *et seq.,* and the other statutes relating thereto is one of public importance and one that was dealt with as it was, through an agency created by the state, because of the inability of the municipalities concerned to control it. The legislature was exercising the police power of the state. *Board of Health of the City of Paterson* v. *City of Summit* 56 *Atl. Rep.* 125 (not officially reported). The functions of the commissioners are public and governmental in their nature and the commissioners are by statute made "liable for any unlawful act the same as members or officers of any public body." *R. S.* 58:14–32.

We conclude that, since the commission is an "arm of the state" wielded for the achievement of public purposes in which the state has an interest and is a "corporate agency of the state," a person holding a position with the commission holds a position "under the government of this state" within the meaning of *R. S.* 38:16–1, *supra.*

The funds from which the salary of the prosecutor is paid are received from municipalities and individuals or private corporations under contracts for the use of the sewerage facilities of the defendants. It would follow that funds received

by an agency of the state in the performance of a state function are, in essence, funds of the state, and that, therefore, the prosecutor received his salary from the state regardless of the channels through which it reached him. We conclude that he meets the requirements of the statute in this respect also.

The resolution under review is set aside.